NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001037
26-APR-2013
09:52 AM**

NO. CAAP-12-0001037

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ANITA GRACE DIAZ, Plaintiff-Appellant, v.
SANDRA WHANG AND CRAIG WHANG, Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC10-1-6863)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the records, it appears that we lack appellate jurisdiction over the appeal by Plaintiff-Appellant Anita Grace Diaz from the Order Sanctioning Plaintiff Anita Grace Diaz, filed on October 22, 2012 and the Judgment, filed on November 9, 2012 in the District Court of the First Circuit.

Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending

> the proceeding, leaving nothing further to be
> accomplished. When a written judgment, order, or
> decree ends the litigation by fully deciding all
> rights and liabilities of all parties, leaving nothing
> further to be adjudicated, the judgment, order, or
> decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted) (emphases added).

The October 22, 2012 order sanctioned Appellant $500 for her conduct toward counsel for Defendants-Appellees Sandra Whang and Craig Whang. It did not resolve Appellant's property damage claim against Appellees.

The November 9, 2012 Judgment also did not resolve Appellant's property damage claim against Appellees.

In order to be appealable under the collateral order doctrine, an appealed order must satisfy all three of the following requirements: "the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998)(citations and internal quotation marks omitted) (brackets in original). The supreme court has observed that it "must construe the collateral order doctrine narrowly and be parsimonious in its application." Siangco v. Kasadate, 77 Hawai'i 157, 162, 883 P.2d 78, 83 (1994). An order that sanctions a party may be effectively be reviewed on appeal following entry of a final judgment. Id. at 161, 833 P.2d at 82.

Therefore,

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 26, 2013.

Chief Judge

Associate Judge

Associate Judge